IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01637-PAB

GALEN AASLAND,

     Plaintiff,

v.

SALOMON HAMUI-SUTTON,

     Defendant.

---

**ORDER**

---

The Court takes up this matter *sua sponte* on the plaintiff's Complaint and Jury Demand [Docket No. 1].  Plaintiff alleges that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 3.  With respect to defendant's citizenship, the complaint alleges that defendant is a citizen of Mexico who owns property in the United States, including property in Colorado.  *Id.* at 1, ¶ 2.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the

Court's duty to do so.  *See City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041,

1045 n.8 (10th Cir. 1994).  Second, subject matter jurisdiction "cannot be conferred

upon a federal court by consent, inaction or stipulation."  *Nicodemus v. Union Pac.*

*Corp.*, 440 F.3d 1227, 1231 n.1 (10th Cir. 2006).  Finally, delay in addressing the issue

only compounds the problem if it turns out that, despite much time and expense having

been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded

regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*,

No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the

burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Although plaintiff does not invoke a

specific provision of § 1332(a), by virtue of plaintiff's assertion that defendant is a

resident of Mexico, plaintiff appears to rely on § 1332(a)(2) to establish this Court's

subject matter jurisdiction.  Section 1332(a)(2) states:

> The district courts shall have original jurisdiction of all civil actions where
> the matter in controversy exceeds the sum or value of $75,000, exclusive
> of interest and costs, and is between . . . citizens of a State and citizens or
> subjects of a foreign state, except that the district courts shall not have
> original jurisdiction under this subsection of an action between citizens of
> a State and citizens or subjects of a foreign state who are lawfully
> admitted for permanent residence in the United States and are domiciled
> in the same State.

"Domicile" is generally used to describe a natural person's state of citizenship, *see, e.g.*,

*State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), and is

determined by the combination of an individual's physical presence in a location and an

intent to remain there indefinitely.  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S.

30, 48 (1989).  Here, the complaint alleges that defendant is a citizen and resident of

Mexico, which, at first glance, would appear to indicate that defendant is a citizen of a

foreign state.  However, plaintiff also alleges that defendant owns property in Colorado

and was driving a vehicle in Colorado when the events giving rise to this case occurred.

Docket No. 1 at 1-2, ¶¶ 2, 7.  Such facts raise the possibility that defendant is also a

lawful permanent resident of the United States and domiciled in Colorado, a possibility

which, if true, would destroy diversity of citizenship.  *See* § 1332(a)(2); *see also Latour*

*v. Columbia Univ.*, 12 F. Supp. 3d 658, 663 (S.D.N.Y. 2014) (dismissing case pursuant

to § 1332(a)(2) because defendant was citizen of New York and, although plaintiff was

citizen of Italy, she was also lawfully admitted for permanent residence in the United

States and owned property, paid taxes, and resided in New York).  Thus, the facts as

presently averred leave the Court without sufficient assurances as to the citizenship of

defendant.  Wherefore, it is

ORDERED that, on or before **5:00 p.m. on Wednesday, August 19, 2015**,

plaintiff shall provide additional information regarding defendant's citizenship.


DATED August 5, 2015.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge