**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15CV1637-PAB-NYW

**GALEN AASLAND**,

    Plaintiff,

v.

**SALOMON HAMUI-SUTTON**

    Defendant.

___

**PROTECTIVE ORDER**
___

    The Plaintiff having moved for entry of a protective order pursuant to Fed.R.Civ.P 26(c), and the Court being fully advised in the premises,

    IT IS HEREBY ORDERED:

    Plaintiff's employment, tax or medical records, reports and bills or expenses and/or information contained therein are confidential.  Thus, disclosure of such confidential documents or information may only be used for purposes of this litigation, including appeals.  The information shall be disclosed by parties receiving such information only to the following persons, after such persons are advised of this protective order:

    a.    Counsel for the parties including their associates, clerks, secretarial and clerical personnel;

    b.    Insurance adjusters specifically assigned to this bodily injury claim and no others;

  c. Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel;

  d. Experts and their staff who are consulted by counsel for the receiving party;

  e. Parties to this litigation; and

  f. The judge, including appropriate members of the judge's staff as necessary or appropriate and jury.

Any documents or information received pursuant to this order and through this litigation which are retained by the receiving parties shall have their confidentiality maintained and shall not be re-disclosed outside of this litigation.

All confidential materials, including copies or summaries shall be maintained in a secure manner and destroyed as follows:

  a. By defense counsel following a seven year retention period in accordance with the Rules of Professional Conduct, 1:15(a), or such other period as a Court may order;

  b. Records and documents retained by the Defendants' liability carriers shall be destroyed at the earliest date allowed by insurance regulations, hold orders issued by a Court and statutory requirements;

  c. While Plaintiff's employment, tax or medical records and documents are maintained by defense counsel and the Defendants' liability insurance carriers, they shall not be disclosed except as authorized in this Order, insurance department regulations or statutory requirements;

d. Any insurance company that receives possession of the Plaintiff's employment, tax or medical records or documents produced as discovery in this case must acknowledge in writing that it is subject to this protective order;

e. Any other individual, including experts to whom the records are disclosed, shall maintain the records as confidential and shall not disclose the records except as authorized in this Order or as authorized under Colorado law;

f. Any expert witness or insurance company who receives possession of the Plaintiff's employment, tax or medical records or documents shall sign an acknowledgment they have received a copy of this Order and agree to abide by its terms.

g. Nothing in this Order may be construed as requiring the court to restrict any information or document from the record. To the extent a Party seeks restriction, he must proceed pursuant to D.C.COLO.LCivR 7.2.

DATED THIS \_\_\_\_18th\_\_\_\_ DAY OF \_\_\_\_December\_\_\_\_, 2015.

s/ Nina Y. Wang

MAGISTRATE
UNITED STATES ~~DISTRICT COURT~~ JUDGE